```
                   UNITED STATES BANKRUPTCY COURT
                 FOR THE NORTHERN DISTRICT OF IOWA


IN RE:                           )
                                 )    Chapter 13
TIMOTHY E. HAMPTON and           )
BRENDA J. HAMPTON,               )
                                 )    Bankruptcy No. 08-00933
      Debtors.                   )
                                 )
_____ )
UNITED STATES OF AMERICA,        )
                                 )    Adversary No. 08-09101
      Plaintiff,                 )
                                 )
vs.                              )
                                 )
BRENDA J. HAMPTON,               )
                                 )
      Defendant.                 )
```

## ORDER RE: MOTION TO DISMISS

This matter came before the undersigned on September 26, 2008 on Motion to Dismiss for Failure to State a Claim. Debtor Brenda Hampton was represented by attorney Derek N.W. Hong. The United States for the Social Security Administration (SSA) was represented by attorneys Martin McLaughlin and Susan Meehan. After hearing arguments of counsel, the Court took the matter under advisement. The time for filing briefs has now passed and this matter is ready for resolution. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

## STATEMENT OF THE CASE

The SSA seeks to except debt from discharge for fraud or false representations under § 523(a)(2)(A). The debt arises from overpayment of disability benefits. Debtor moves to dismiss the complaint. She asserts the complaint fails to state a claim upon which relief may be granted.

## STATEMENT OF FACTS

The SSA asserts its claim is excepted from discharge under §§ 523(a)(2)(A) and 1328(a)(2). The debt is based on SSA's payments of disability benefits to Debtor from January 2000 to June 2002. Debtor argues the complaint fails to allege facts which would satisfy the elements of § 523(a)(2)(A). She asserts she did not make any representations to SSA, false or otherwise.

Instead, the SSA unilaterally and mistakenly reinstated Debtor's benefits after earlier discontinuing them when Debtor became employed.

SSA argues Debtor's misrepresentations are omissions or silence creating a false impression. Debtor should have contacted the SSA and returned the funds, knowing she was ineligible for disability payments because of her employment. Debtor asserts that, when she began to receive disability benefits again from the SSA, she assumed a law had changed that made her eligible again. She never hid the fact that she was employed from the SSA.

## CONCLUSIONS OF LAW

Dismissal is proper where the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); Fed. R. Bankr. P. 7012(b). The Court accepts as true all of the factual allegations contained in the complaint, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1964-65 (2007). The complaint "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008), cert. denied 2008 WL 2753117 (Oct. 6, 2008). A complaint may be dismissed under Rule 12(b)(6) only if it is clear that no relief can be granted under any set of facts that could be proven consistent with the allegations. DuBois v. Ford Motor Credit Co., 276 F.3d 1019, 1022 (8th Cir. 2002).

Debtor argues that the allegations of the Complaint fail to support a claim under § 523(a)(2)(A). Specifically, Debtor asserts she did not make any false representations to the SSA. Five elements must be satisfied before a debt will be excepted from discharge under § 523(a)(2)(A): (1) the debtor made false representations; (2) the debtor knew the representations were false at the time they were made; (3) the debtor made the representations with the intention and purpose of deceiving the creditor; (4) the creditor justifiably relied on the representations, Field v. Mans, 516 U.S. 59, 72 (1995); and (5) the creditor sustained the alleged injury as a proximate result of the representations having been made. In re Van Horne, 823 F.2d 1285, 1287 (8th Cir. 1987); In re Burghoff, 374 B.R. 672, 678 (Bankr. S.D. Iowa 2007) (Kilburg, J.).

"Bankruptcy courts have overwhelmingly held that a debtor's silence regarding a material fact can constitute a false representation actionable under section 523(a)(2)(A). Clearly, the Bankruptcy Code did not intend to protect property obtained by 'deceit, artifice, trick [or] design.'" Van Horne, 823 F.2d at 1288 (citations omitted). For purposes of § 523(a)(2)(A), a "misrepresentation" denotes not only written or spoken words but also any other conduct that amounts to an assertion not in accordance with the truth. In re Moen, 238 B.R. 785, 791 (B.A.P. 8th Cir. 1999). "False pretenses" contemplates "a series of events, activities or communications which, when considered collectively, create a false and misleading set of circumstances, or false and misleading understanding of a transaction, in which a creditor is wrongfully induced by the debtor to transfer property or extend credit to the debtor." In re Beza, 310 B.R. 432, 437 (Bankr. W.D. Mo. 2004).

In In re Overall, 248 B.R. 146, 151 (Bankr. W.D. Mo. 2000), the debtor continued to accept child support payments after she became ineligible to do so because of the child's adoption by the debtor's husband. The court stated that the debtor's silence about or concealment of the fact that the child had been adopted constitutes false pretenses under § 523(a)(2)(A). Id.; see also In re Hatcher, 111 B.R. 696, 700 (Bankr. N.D. Ill. 1990) (finding debt for overpaid public assistance benefits excepted from discharge where debtor's acceptance of the benefits was tantamount to an intentional false representation that she remained unemployed). In In re Kurtz, 2007 WL 2402728, at *5-6 (Bankr. D. Kan. Aug. 17, 2007), the court refused to grant either party summary judgment. Similar to the case at bar, in Kurtz, the SSA asserted the debtor's receipt of disability payments while he was employed was fraud and the debtor asserted he thought the SSA knew of his earnings. Id.

## ANALYSIS

The SSA's complaint asserts Debtor "intentionally and fraudulently withheld" information regarding her earnings. (Compl. ¶ 25.) Based on the foregoing law, silence regarding a material fact can constitute a false representation under § 523(a)(2)(A). Assuming this allegation in the complaint is true, it is sufficient state a claim under the first three elements of § 523(a)(2)(A). The complaint alleges Debtor knowingly withheld material information with the intent to deceive the SSA.

The final two elements of § 523(a)(2)(A) are also sufficiently alleged in the complaint. In several paragraphs of

3

the complaint, the SSA sets out the rule that Debtor would not be eligible for disability benefits if she was performing substantial gainful activity.  Thus, the SSA's lack of knowledge regarding Debtor's earnings would lead to benefits being paid improperly.  In other words, because of Debtor's failure to impart material information, the SSA relied on inaccurate facts when making disability payments to Debtor.  This sufficiently alleges justifiable reliance and proximate cause under § 523(a)(2)(A).

In summary, the Court concludes that the allegations of the complain, if true, sufficiently state a claim under § 523(a)(2)(A).  Therefore, Debtor's Motion to Dismiss must be denied.

**WHEREFORE**, Debtor's Motion to Dismiss for Failure to State a Claim is DENIED.

DATED AND ENTERED: October 16, 2008

_____
PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE